Geoffrey R. W. Smith (CSBN 49947)
GRWSLawyer@aol.com
GEOFFREY SMITH PLLC
1350 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 625-1224
Facsimile: (202) 333-1637

Philip S. Beck (Pro Hac Vice to be filed)
philip.beck@bartlit-beck.com
Lindley J. Brenza (Pro Hac Vice to be filed)
lindley.brenza@bartlit-beck.com
Kaspar J. Stoffelmayr (Pro Hac Vice to be filed)
kaspar.stoffelmayr@bartlit-beck.com
Carolyn J. Frantz (Pro Hac Vice to be filed)
carolyn.frantz@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone:  (312) 494-4411
Facsimile:   (312) 494-4440

Duncan Barr (CSBN 49259)
dbarr@ocdb.com
Molly A. Kuehn (CSBN 230763)
mkuehn@ocdb.com
O'CONNOR, COHN, DILLON & BARR
2405 16th Street
San Francisco, CA 94103
Telephone: (415) 281-8888
Facsimile:  (415) 503-4117

Attorneys for Defendant
Bayer Corporation

Marilyn A. Moberg (CSBN 126895)
mmoberg@reedrsmith.com
Monica Y. Choi (CSBN 215847)
mchoi@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Richard Berkman (Pro Hac Vice to be filed)
Richard.Berkman@dechert.com
R. David Walk, Jr. (Pro Hac Vice to be filed)
David.Walk@dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104-2857
Telephone:  (215) 994-4000
Facsimile: (215) 655-2684

STIPULATION TO STAY PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PENDING OUTCOME OF PROCEEDINGS UNDER 28 U.S.C. § 1407 REGARDING TRANSFER TO MDL-986

Attorneys for Defendant
Baxter Healthcare Corporation

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

Peng, et al.,

Plaintiffs,

v.

Bayer Corporation, et al.,

Defendants

BZ
**CASE NO.: CV 08 3704 (~~JL~~)**

**E-FILED**

**STIPULATION TO STAY PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PENDING OUTCOME OF PROCEEDINGS UNDER 28 U.S.C. § 1407 REGARDING TRANSFER TO MDL-986**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IT IS HEREBY STIPULATED by and between counsel for Plaintiffs in the above captioned case currently pending in this Court, and Defendants BAYER CORPORATION and BAXTER HEALTHCARE CORPORATION ("Defendants"), that all proceedings in the Northern District of California shall be stayed until the Judicial Panel on Multidistrict Litigation (hereinafter "the Panel") completes the proceedings now in progress to decide if this case will be transferred to MDL-986, currently pending before The Honorable John F. Grady in the Northern District of Illinois.

The transfer process has already been initiated by the issuance by the Panel of Conditional Transfer Order No. 105 on August 19, 2008 (a copy of which is attached hereto). Under the Panel's procedures, if no opposition is received within fifteen days of the date of the CTO, a "final" transfer order will be sent by the Panel to the Clerk of the Northern District of Illinois and upon filing there

that Court will have sole jurisdiction.

If the Panel transfers the case, the stay shall remain in effect. If, however, there is no transfer, or, upon remand following transfer, this stay shall expire 30 days following the Panel order terminating the transfer proceedings or remanding the case. This stipulation may be signed by the parties in counterpart.

IT IS SO STIPULATED.

Dated: 8/25, 2008

BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.

By: Michael Baum /GRWS
On Behalf of And With Authorization of
Michael L. Baum

Attorneys for Plaintiffs

Dated: 8/25, 2008

GEOFFREY SMITH, PLLC

By: _____
Geoffrey R. W. Smith

Attorneys for Defendant
Bayer Corporation

STIPULATION TO STAY PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PENDING
OUTCOME OF PROCEEDINGS UNDER 28 U.S.C. § 1407 REGARDING TRANSFER TO MDL-986

Dated: 9/25, 2008          REED SMITH LLP

By: _Marilyn Moberg/CJRWS_
On Behalf of And With Authorization of
Marilyn A. Moberg

Attorneys for Defendant
Baxter Healthcare Corporation

All proceedings in the Northern District of California shall be stayed until the Judicial Panel on Multidistrict Litigation completes the process currently in progress for determining if this case will be transferred to MDL-986. If the Panel orders transfer, the stay shall remain in effect. If there is no transfer, or upon remand following transfer, this stay shall expire 30 days following the Panel order terminating the transfer proceedings or remanding the cases.

IT IS SO ORDERED,

Dated Sept. 17, 2008          BY: _Bernard Zimmerman_
Bernard Zimmerman
United States
Magistrate Judge

IT IS SO ORDERED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION TO STAY PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PENDING OUTCOME OF PROCEEDINGS UNDER 28 U.S.C. § 1407 REGARDING TRANSFER TO MDL-986

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am a member of the bar of this court. My business address is GEOFFREY SMITH PLLC, 1350 I Street, NW, Suite 900, Washington, DC 20005.

On August 25, 2008, I electronically filed the following document(s):

**Stipulation To Stay Proceedings In The Northern District Of California Pending Outcome Of Proceedings Under 28 U.S.C. § 1407 Regarding Transfer To Mdl-986**

with the Clerk of the United States District Court for the Northern District of California, Oakland Division, using the CM/ECF system, and deposited copies thereof in the United States mail, first class postage prepaid, to the persons and at the addresses listed below.

Michael L. Baum
    BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
    12100 Wilshire Blvd., Suite 950
    Los Angeles, CA 90025
    Attorney for Plaintiffs

Marilyn Ann Moberg
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90017
    Attorney for Defendant Baxter Healthcare Corporation

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 25, 2008, at Washington, D.C.

/s/Geoffrey R. W. Smith
Geoffrey R.W. Smith

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE "FACTOR VIII OR IX CONCENTRATE BLOOD
PRODUCTS" PRODUCTS LIABILITY LITIGATION       MDL No. 986

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-105)

On December 7, 1993, the Panel transferred 27 civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 853 F.Supp. 454 (J.P.M.L. 1993). Since that time, 265 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable John F. Grady.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Grady.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 7, 1993, and, with the consent of that court, assigned to the Honorable John F. Grady.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE "FACTOR VIII OR IX CONCENTRATE BLOOD                    MDL No. 986
PRODUCTS" PRODUCTS LIABILITY LITIGATION**

### SCHEDULE CTO-105 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA NORTHERN
  CAN  3  08-3703          Y. Chang, et al. v. Bayer Corp., et al.
  CAN  3  08-3704          D-G Peng, et al. v. Bayer Corp., et al.

MASSACHUSETTS
  MA   1  08-11241         Alex Arruda v. Bayer Corp., et al.